OPINION
By HAMILTON, J.'
We are somewhat at a disadvantage in the consideration of this case for the reason that the petition, answer, and other original papers in the case are not before us, not having been filed. The reason for the non-filing as disclosed *469 •by the record is, that the trial court has under consideration the whole ease on the merits, and declines to surrender the papers while considering the case on the merits; he not having reached -a conclusion.
The case is here, as disclosed by the briefs, from a decree of the Court of Common Pleas, awarding-alimony to the defendant wife in a proceeding brought by the husband, Jack J. Smith, Jr., to annul his marriage to one Ruth Kuh Smith, defendant, appellee, here, on the ground that at the time of the marriage she perpetrated a fraud, in that she was under a legal disability, not having obtained a divorce from her former husband. She denied any impairment that would render her marriage to the plaintiff illegal, and she filed a cross-petition asking a divorce from the plaintiff on statutory grounds.
At some step in the proceedings pending the decision of the Court, the defendant wife, under and by virtue of §11994 GO, applied for alimony pendente lite, and the trial court entered a decree granting alimony pendente lite for the sustenance of the defendant and for her expenses of the suit.
The plaintiff contends that the marriage having been illegal and because his action was one for annulment, that the court was without power to make an allowance for alimony pendente lite.
The reason for the provision for alimony pendente lite, as disclosed by the section of the Code, is to enable the wife to make a defense against the charges, which would forever deny her the rights of a wife.'
It would seem that whether the action was one for annulment or for divorce, the statute should apply. Some courts have so held, and others have taken a contrary view. However that may be, the defendant in her cross-petition seeks a divorce on statutory grounds. The whole matter is before the court on the plaintiff’s prayer for annulment and on the defendant’s cross-petition for a divorce on statutory grounds. There is nothing in the record to show on which issue the court based his allowance for alimony pendente lite. We think it cannot be denied that on defendant’s cross-petition for divorce on statutory grounds, the trial court had the power under the statute to make an award of alimony.
Counsel in their briefs have set forth facts as to each claim, and have gone far afield on issues not germane to this consideration. They discuss in their briefs the validity of a Mexican divorce; they discuss the law of the state where the parties were married; they discuss the law of the forum; and the effect of the law of these states, all of which seem to us are not pertinent to the issue here.
There may be some legal question involved as to the right of the trial court to allow alimony pendente lite where the action is one for annulment alone. It is said in the cross-petition that the action is one for divorce on statutory grounds. -This being the case, the statute is plain and gives the court the right to allow alimony pendente lite “for sustenance and expenses during the suit.”
The amount of the award is not challenged.
We conclude, therefore, that the judgment awarding the wife alimony pendente lite should be and is hereby affirmed.
MATTHEWS, PJ., & ROSS, JJ., concur.